## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| MARGRIT EAKIN, | ) | |
| | ) | **Case No. 09 CV 2823** |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **Magistrate Judge Young B. Kim** |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | **December 12, 2011** |
| Defendant. | ) | |

### MEMORANDUM OPINION and ORDER

On June 30, 2011, the Seventh Circuit Court of Appeals reversed and remanded this court's decision denying Plaintiff Margrit Eakin's application for disability insurance benefits. Eakin now seeks an award of attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), for the prosecution of her appeal before this court and the Seventh Circuit. For the following reasons, Eakin's motion is granted:

### Background

In January 2006, Eakin filed an application for disability insurance benefits, alleging that she was disabled as of August 2004 as a result of severe arthritis and pain in her left hip. (Administrative Record ("A.R.") 113-15, 131.) When the Social Security Administration denied her application, (id. at 62-65, 69-73), Eakin sought and was granted a hearing before an administrative law judge ("ALJ"), (id. at 15-59, 74). After considering Eakin's evidence and consulting a vocational expert, the ALJ issued a decision in November 2008 finding that

Eakin was not disabled.  (Id. at 8-14.)  Eakin requested a review of the ALJ's decision, but in March 2009, the Appeals Council denied her request, making the ALJ's decision the final decision of the Commissioner.  (Id. at 1-3.); 20 C.F.R. § 404.981.

Eakin sought judicial review of the Commissioner's decision and the parties consented to the jurisdiction of this court.  *See* 28 U.S.C. § 636(c).  In October 2009, Eakin filed a motion for summary judgment asking this court to reverse the Commissioner's decision and award benefits, or in the alternative, to remand the decision for further proceedings because the ALJ committed numerous legal errors.  (R. 21, 22.)  In November 2009, the government filed a cross-motion for summary judgment requesting that this court affirm the ALJ's decision. (R. 24, 25.)

In July 2010, two months after this matter was reassigned to the undersigned Magistrate Judge, this court issued a Memorandum Opinion and Order affirming the Commissioner's final decision.  (R. 29.)  Next, in September 2010, Eakin appealed this court's decision.  (R. 31.)  On June 30, 2011, the Seventh Circuit reversed the judgment of this court and remanded the case to the Commissioner for further proceedings after concluding that the ALJ's opinion was too cursory to permit meaningful appellate review and contained improper medical and credibility determinations.  (R. 40.)

In September 2011, Eakin's counsel filed the instant motion seeking $22,275.79 in attorney's fees and costs for the prosecution of her case.  (R. 42.)  The government

challenges Eakin's entitlement to fees, asserting that its position in defending the decision of the ALJ was substantially justified. (R. 49.)

**Analysis**

**A.     Standard of Review**

This court may award fees under EAJA if the following four elements are met: (1) the claimant was a "prevailing party"; (2) the government's position was not "substantially justified"; (3) there were no special circumstances that would make an award unjust; and (4) the claimant files a complete and timely application. 28 U.S.C. § 2412(d)(1)(A); *Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009). Here, the parties' dispute centers around the issue of whether the Commissioner's position was substantially justified. It is the Commissioner's burden to demonstrate that both its pre-litigation conduct—which includes the decisions of the ALJ and Appeals Council—and its litigation position were substantially justified. *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004).

As the Seventh Circuit has acknowledged, determining whether the government's position was substantially justified presents a difficult line-drawing task. *See United States v. Thouvenot, Wade & Moerschen, Inc.*, 596 F.3d 378, 381 (7th Cir. 2010). "The case must have sufficient merit to negate an inference that the government was coming down on its small opponent in a careless and oppressive fashion." *Id.* at 381-82. To negate that inference, the government must show the following: "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable

3

connection between the facts alleged and the theory propounded." *Conrad v. Barnhart*, 434 F.3d 987, 990 (7th Cir. 2006). Put differently, the government must show that its position was "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Although this determination requires the court to look to both the government's pre-litigation conduct and litigation position, it will "make only one determination for the entire civil action." *Conrad*, 434 F.3d at 990.

When the Commissioner's decision is reversed by the Court of Appeals, the court "should analyze the actual merits of the government's litigating position." *Golembiewski*, 382 F.3d at 724. In other words, the focus of the court's EAJA review must be on the Court of Appeals' evaluation of the merits of the government's position and not on the district court's evaluation. *Thouvenot*, 596 F.3d at 384 (the court "must accept the appellate court's view of the merits as the premise for evaluating the government's position"); *see also Smith ex. rel. Smith v. Apfel*, No. 99 C 1139, 2001 WL 199505, at *3 (N.D. Ill. Feb. 28, 2001) (citing *United States v. Paisley*, 957 F.2d 1161, 1167 (4th Cir. 1992) (the decision of the Court of Appeals and, more importantly, its rationales "are the most powerful available indicators of the strength, hence reasonableness, of the ultimately rejected position")). The Seventh Circuit has indicated that "[s]trong language against the government's position in an opinion discussing the merits of a key issue is evidence in support of an award of EAJA fees." *Golembiewski*, 382 F.3d at 724. If it is apparent from the opinion that the Seventh

4

Circuit did not view the case as being close, then the government's position lacked substantial justification. *Thouvenot*, 596 F.3d at 384.

In this case, the Seventh Circuit's evaluation of the Commissioner's denial of Eakin's application for disability insurance benefits identified three major defects in the ALJ's decision. *Eakin v. Astrue*, 432 Fed.Appx. 607 (7th Cir. 2011). First, the Seventh Circuit found that the ALJ's RFC determination fell short of the evaluation standards of Social Security Ruling ("SSR") 96-8p and the requirement that the ALJ minimally articulate the basis for her conclusion that Eakin was capable of performing sedentary work. Second, the Seventh Circuit determined that the ALJ improperly discredited Dr. Dennis Mess's opinion and failed to follow the correct legal standard in determining what weight to assign it. Lastly, the Seventh Circuit found the ALJ's credibility determination deficient because her analysis did not comport with applicable regulations and relevant precedent.

## B.   RFC Analysis

In light of the Seventh Circuit's opinion, this court concludes that the government was not substantially justified in defending the ALJ's RFC determination. The ALJ failed to comply with SSR 96-8p, which requires an ALJ to explain the rationale for her assessment of a claimant's RFC, including "a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *See* SSR 96-8p, 1996 WL 374184, at *7. After reciting the medical findings, the ALJ concluded the RFC assessment with a terse

5

statement that the record "does not provide a basis for finding limitations greater than those determined in this decision." *Eakin*, 432 Fed.Appx. at 611. The Seventh Circuit viewed this statement as being "too perfunctory to permit meaningful appellate review," because the ALJ did not evaluate Eakin's RFC under the standards set forth in SSR 96-8p nor minimally articulate the basis for concluding that Eakin could perform sedentary work. *Id.*

In assessing Eakin's RFC, the Seventh Circuit further explained that the ALJ did not address several pieces of evidence that were contrary to her RFC finding. *Eakin*, 432 Fed.Appx. at 611. Specifically, the ALJ "glossed over" Eakin's testimony about her limitations arising from her radiating hip pain, her inability to sit and stand for extended periods of time, and the frequency with which she needed to alternate positions. *Id.* The ALJ also ignored Eakin's description of her postural limitations, which included her difficulty balancing and rising from a seated position. *Id.* Furthermore, the Seventh Circuit faulted the ALJ for failing to discuss the significance of Dr. Liana Palacci's (consultative examiner) findings, which provided objective evidence that Eakin's arthritis limited her ability to exert herself. *Id.*

In its response, the government ignores relevant legal authority and does not explain why it was substantially justified in defending the ALJ's unsupported RFC assessment. In particular, the government overlooks the line of precedent making clear that the ALJ's RFC assessment must include a rational narrative discussion of how the medical and nonmedical evidence supports the RFC. *See Stewart*, 561 F.3d at 684; *Samuel v. Barnhart*, 316

6

F.Supp.2d 768, 772 (E.D. Wis. 2004). And in attempting to defend the ALJ's position before the Seventh Circuit, the government, relying on post-hoc theories, argued that medical evidence in the reports of Dr. Mess and Dr. Palacci were consistent with a finding that Eakin could perform sedentary work. *Eakin*, 432 Fed.Appx. at 611. But the Seventh Circuit found that the ALJ did not explain what she found instructive in the findings of Dr. Mess and Dr. Palacci and stated that the *Chenery* doctrine precludes the government's lawyer from bolstering the ALJ's ruling with evidence that she did not rely on. *Id.*

Because the ALJ's RFC assessment conflicted with SSR 96-8p and relevant judicial precedent, there was no reasonable basis in fact or law for the RFC finding. An award of fees and costs is appropriate under EAJA where an ALJ's decision violates "clear and long judicial precedent" and fails to comply with the specific requirements of a Social Security Ruling. *See e.g.*, *Golembiewski*, 382 F.3d at 724; *Stewart*, 561 F.3d at 684. Here, the Seventh Circuit used strong language to condemn the ALJ's variance from the agency's own regulations and many judicial decisions making it clear that a narrative analysis is a prerequisite to a supportable decision. *See Golembiewski*, 382 F.3d at 724. Given the ALJ's neglect of the rules pertaining to the RFC analysis, *see Villano v. Astrue*, No. 07 CV 187, 2009 WL 1803131, at *3 (N.D. Ind. June 23, 2009), the government has not convinced this court that its position with respect to the RFC assessment was substantially justified.

**C.      Treating Physician Analysis**

It is also clear from the Seventh Circuit's opinion that the Commissioner was not substantially justified in defending the ALJ's decision because she gave "short shrift" to Dr. Mess's opinion and failed to apply the correct legal standard in determining what weight to assign it. *Eakin*, 432 Fed.Appx. at 612. The Seventh Circuit explained that, although the ALJ fairly observed that Dr. Mess's examination notes were sparse, his findings were based on objective medical evidence from an X-ray confirming the existence of Eakin's degenerative joint disease as well as his examinations showing a reduced range of motion in the hip and a limp in the left leg. *Id.* Not only did Dr. Mess examine Eakin four times in just over two years, but he was the orthopedic specialist who first diagnosed Eakin's arthritis and the only doctor to have treated the condition and tracked its progress. *Id.* The Seventh Circuit further indicated that even if the ALJ had legitimate reasons for discounting Dr. Mess's opinion, she would have been compelled to give the opinion considerable weight if she had considered the required factors pertaining to the treating physician rule, including the nature of the treatment relationship, the frequency of examination, the physician's speciality, the type of tests performed, and the reliability of the opinion. *Id.*; 20 C.F.R. § 404.1527(d)(2).

The government now defends its litigation position by relying on various aspects of this court's opinion affirming the ALJ's decision. (R. 49, Def.'s Resp. at 3.) For example, according to the government, because this court agreed that Dr. Mess did not support his

opinion with an appropriate rationale and that his treatment notes were sparse and indicated few abnormal findings, the government had at least a reasonable basis for its litigation position. (Id.) But, as discussed, the focus of this court's EAJA inquiry is on the merits of the government's position as evaluated by the Seventh Circuit. *Thouvenot*, 596 F.3d at 384. The fact that the Commissioner prevailed before this court is not determinative of the reasonableness of the Commissioner's position. *Pierce*, 478 U.S. at 569. Rather, "[t]he touchstone for the Court's analysis is the Seventh Circuit's evaluation of the ALJ's ruling, and not this Court's previous review of the merits." *Zurawski v. Massanari*, No. 99 C 2819, 2001 U.S. Dist. LEXIS 12725, at *7 (N.D. Ill. Aug. 21, 2001).

The government's litigation position with respect to the treating physician analysis was not substantially justified because, as the Seventh Circuit determined, the ALJ completely failed to follow the mandate of the treating physician rule in evaluating and assigning weight to Dr. Mess's opinion. *See* 20 C.F.R. § 404.1527(d)(2). As discussed above , an EAJA award is warranted where an ALJ's decision violates longstanding judicial precedent and fails to comply with agency rulings and regulations. *See e.g., Golembiewski*, 382 F.3d at 724; *Stewart*, 561 F.3d at 684. Here, the Seventh Circuit criticized the ALJ's deviation from the treating physician rule by making it clear that the ALJ was required to analyze Dr. Mess's opinion by utilizing the factors set forth in § 404.1527(d). Given the ALJ's failure to conduct the appropriate analysis, the government's litigation position was

not substantially justified. *See Cruz v. Astrue*, No. 09 CV 262, 2011 WL 1157463, at *4

(N.D. Ind. Mar. 29, 2011).

**D.      Credibility Analysis**

The Seventh Circuit found reversible error in the ALJ's credibility analysis because

the reasons she gave for finding Eakin incredible were contrary to the requirements of SSR

96-7p and established precedent. *Eakin*, 432 Fed.Appx. at 612. The Seventh Circuit first

found that the ALJ unreasonably faulted Eakin for not obtaining a prescription for a cane

even though case law establishes that an individual's use of a cane that has not been

prescribed by a doctor is not probative of her need for the cane in the first place. *Id.* Second,

the ALJ improperly discredited Eakin on the basis of her choice to treat her arthritis with

medication rather than surgery, but she never developed the record as required by agency

regulations and precedent to determine if a hip replacement was "clearly expected" to restore

her capacity to work. *Id.* The Seventh Circuit noted that there was no medical opinion

suggesting that a hip replacement would remedy Eakin's problem and Eakin testified that

Dr. Mess had reservations about the procedure and could not guarantee its success. *Id.*

Third, Eakin's decision to "live with" the pain rather than undergo surgery was not a valid

basis to discredit her testimony because the ALJ failed to analyze the statement in light of

Eakin's efforts to cope with her pain. *Id.* The Seventh Circuit also criticized the ALJ's

credibility analysis because it failed to account for Eakin's allegations about how her

symptoms affected her daily activities. *Id.*

10

In light of the Seventh Circuit's indictment of the ALJ's credibility analysis, the government has not shown that its defense of that analysis was substantially justified. Although the government acknowledges that both the Seventh Circuit and this court faulted the ALJ for discrediting Eakin because she used an unprescribed cane, the government asserts that its position in defending that aspect of the ALJ's decision is substantially justified because this court noted that this was just one of "multiple credibility factors that are supported by the record." (R. 49, Def.'s Resp. at 4) (citing *Eakin v. Astrue*, No. 09 CV 2823, 2010 WL 2858716, at *11 (N.D. Ill. July 15, 2010)). But again, this court's EAJA review focuses on the merits of the government's position as evaluated by the Seventh Circuit, which did not find the other factors supported. Nor does the government persuade this court that it was substantially justified in its decision to defend the ALJ's insufficient reasoning. For example, with respect to the Seventh Circuit's analysis of the ALJ's treatment of Eakin's decision to "live with" the pain rather than undergo surgery, the government relies on the "deliberately flexible" articulation requirement discussed in *Bassett v. Astrue*, 641 F.3d 857 (7th Cir. 2011). (Id. at 4.) It argues that the ALJ's failure to adequately connect the dots and sufficiently articulate her credibility reasoning does not necessarily mean that its position was not substantially justified. (Id. at 4-5.) Therefore, according to the government, the ALJ's cursory or inadequate analysis of an important point does not "poison" its defense of the decision. (Id. at 5.)

11

In *Bassett*, the Seventh Circuit addressed the issue of substantial justification in affirming a denial of EAJA fees. There, the ALJ found that the plaintiff was capable of performing light work prior to his 55th birthday, but she neglected to explain how she arrived at that precise date. *Bassett*, 641 F.3d at 859. The district court remanded the case to obtain a better explanation of how the ALJ determined the disability onset date, but denied the plaintiff's request for EAJA fees because it found the Commissioner's position substantially justified. *Id.* The Seventh Circuit affirmed the district court's denial of EAJA fees, concluding that the deficiency in the ALJ's decision amounted to an error in articulation. *Id.* at 859-60. "[I]t typically takes something more egregious than just a run-of-the-mill error in articulation to make the commissioner's position unjustified—something like the ALJ's ignoring or mischaracterizing a significant body of evidence, or the commissioner's defending the ALJ's opinion on a forbidden basis." *Id.* at 860.

This court is not persuaded by the government's attempt to analogize *Bassett* to the current case. Here, the ALJ's errors went beyond "a run-of-the-mill" error in articulation. While part of the problem was the ALJ's failure to sufficiently articulate the grounds for her credibility analysis, unlike the decision in *Bassett*, here the ALJ principally failed to analyze Eakin's credibility in accordance with longstanding judicial precedent and agency regulations. *See e.g., Golembiewski*, 382 F.3d at 724; *Stewart*, 561 F.3d at 684; *Lechner v. Barnhart*, 330 F.Supp.2d 1005, 1009 (E.D. Wis. Aug. 26, 2004) ("Because the ALJ failed to comply with SSR 96-7p and to consider all of the relevant evidence and factors, the

12

Commissioner's position on this issue was not substantially justified."). Accordingly, the government's position in defending the ALJ's decision does not have a reasonable basis in law and fact and cannot be viewed as substantially justified.

**E.     Reasonableness of Fee Request**

Turning to the reasonableness of the fee request, Eakin seeks $21,733.30 for her prosecution of this action before this court and the Seventh Circuit.[1] This represents 29.45 billable hours at the district court level and 89.8 billable hours at the Court of Appeals level, for a total of 119.25 billable hours. The applicable number of hours and attorney's fees yield $5,116.94 ($173.75 hourly rate) at the district court level and $15,715.00 ($175.00 hourly rate) at the Court of Appeals level. Eakin also requests $542.50 for 3.1 hours spent in drafting the EAJA reply brief, $114.00 in legal assistant time, and $244.86 in costs.

The government does not contest the reasonableness of the fee request. But in light of the Supreme Court's decision in *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010), the government does object to the fees being paid directly to counsel rather than to Eakin herself as the prevailing party. In *Ratliff*, the Supreme Court held that an EAJA award is payable to the litigant, not his attorney, and is therefore subject to a government offset to satisfy any pre-existing debt that the litigant owes to the United States. *Id.* at 2524. The Supreme Court decided that under EAJA, "the party, rather than the lawyer, is entitle[d] to receive the fees

---

[1] Eakin requests that this court award $22,275.79 in attorney's fees and costs. However, she miscalculated the total amount of her request. The court having conducted its own calculation, the total request is for $21,733.30 in fees and costs.

13

. . . and that the statute controls what the losing defendant must pay, not what the prevailing plaintiff must pay [her] lawyer." *Id.* at 2529 (quotation marks and internal citations omitted). In light of the *Ratliff* decision, this court declines Eakin's request that the fee award be made payable to her attorney, notwithstanding the fee agreement executed by Eakin.

As to the hourly rate, EAJA provides that "attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). In 2008 the Seventh Circuit recognized that "given the passage of time since the establishment of the hourly rate, a cost-of-living adjustment is warranted." *Tchemkou v. Mukasey*, 517 F.3d 506, 512 (7th Cir. 2008). The requested hourly rates are supported by cost of living calculations set forth in the Consumer Price Index—which Eakin attached to her motion. Courts have approved comparable hourly rates for 2009, 2010 and 2011—the years in which Eakin's attorneys completed the bulk of their work on this case. *See e.g.*, *Cruz,* 2011 WL 1157463, at *2, 6 ($173.75 rate approved for attorney work performed in December 2009); *Golzer v. Astrue*, No. 09 C 1847, 2011 WL 3755180, at *1, 3 (N.D. Ill. Aug. 25, 2011) ($173.75 rate approved for attorney work performed in 2009); *Valentine v. Astrue*, No. 10 C 1234, 2011 WL 5169408, at *4 (N.D. Ill. Oct. 31, 2011) ($175.00 rate approved for attorney work performed in 2010 and 2011). As such, the court finds that the full amount of $21,733.30 in fees and costs, representing 119.25 attorney hours for the prosecution of this case before this court and the Court of Appeals, to be reasonable. *See Villano*, 2009 WL 1803131, at *4 (awarding

14

$31,952.82 representing 180.1 attorney hours for the combined district court and Court of

Appeals work); *Getch v. Astrue*, No. 06 CV 143, 2009 WL 89667, at *5 (N.D. Ind. Jan. 12,

2009) (awarding $28,680.35 representing 169.2 attorney hours for the combined district court

and Court of Appeals work); *Banks v. Barnhart*, No. 01 C 382, 2003 WL 22019796, at *5

(N.D. Ill. Aug. 26, 2003) (awarding $22,411.66 representing 143.2 attorney hours for the

combined district court and Court of Appeals work).

### Conclusion

Eakin's Motion for Attorney's Fees Under the Equal Access to Justice Act is granted.

Eakin is awarded attorney's fees and costs in the amount of $21,733.30, to be paid to Eakin

and mailed to Eakin's attorney's office.

**ENTER:**

_____

**Young B. Kim**
**United States Magistrate Judge**

15